IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-10,725-03






EX PARTE FRANKLIN CARLTON REYES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 3949-A IN THE 154TH JUDICIAL DISTRICT COURT


FROM LAMB COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled
substance and sentenced to sixty-five years' imprisonment. The Seventh Court of Appeals affirmed his
conviction. Reyes v. State, No. 07-05-0296-CR (Tex. App. - Amarillo, February 28, 2006, no pet).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because he
failed to litigate a search and seizure issue by filing a pre-trial motion to suppress, or by making a timely
objection to the introduction of the evidence at trial. Applicant also alleges that counsel failed to request
notice of the State's intent to introduce extraneous offense evidence, and failed to object or request a
limiting instruction when such evidence was introduced at trial. Finally, Applicant alleges that counsel failed
to object when the prosecutor read the contents of a laboratory report into the record without the chemist
who prepared the report being present to testify or be cross-examined.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court shall
provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07,
§ 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial attorney
was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: August 22, 2007

Do not publish